UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HANG ZHAO,<br>        c/o 3035 Island Crest Way, Suite 200<br>        Mercer Island, WA 98040,<br><br>                Plaintiff,<br>    v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>        20 Massachusetts Ave. NW, Room 4210<br>        Washington, DC 20529;<br><br>ALEJANDRO MAYORKAS, Secretary<br>        U.S. Department of Homeland Security<br>        2707 Martin Luther King Jr. Ave. SE<br>        Washington, DC 20528-0485;<br><br>TRACY RENAUD, Senior Official<br>Performing the Duties of the Director<br>        U.S. Citizenship and Immigration Services<br>        20 Massachusetts Ave. NW, Room 4210<br>        Washington, DC 20529; and<br><br>SARAH M. KENDALL, Chief<br>Immigrant Investor Program Office<br>        U.S. Citizenship and Immigration Services<br>        20 Massachusetts Ave. NW, Room 4210<br>        Washington, DC 20529,<br><br>                Defendants | Civil Action No. |

**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT**

1. Plaintiff HANG ZHAO, by and through counsel, brings this complaint to compel Defendants to make a decision on Plaintiff's Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status ("Form I-829"), which has already been pending with the Defendants for **more than 5.5 years**.

## JURISDICTION

2. Original jurisdiction vests in this Court under 28 U.S.C. § 1331 because this civil action against the United States arises under both the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, which are laws of the United States.

3. Original jurisdiction also vests in this Court under 28 U.S.C. § 1361: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1), because this action is against officers and agencies of the United States in their official capacities, brought in the district where a defendant in the action officially resides and also where a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred or will occur.

5. Defendant United States Citizenship and Immigration Services ("USCIS") is a component federal agency within the multicomponent U.S. Department of Homeland Security ("DHS") and officially resides in this district.

6. Defendant Alejandro Mayorkas is sued in his official capacity as Secretary of DHS, a multicomponent federal agency, and he officially resides in this district.

7. Defendant Tracy Renaud is sued in her official capacity as Senior Official Performing the Duties of the Director of USCIS, a component federal agency within DHS, and she officially resides in this district.

8. Defendant Sarah M. Kendall is sued in her official capacity as Chief of the Immigrant Investor Program Office of USCIS, a component federal agency within DHS, and she officially resides in this district.

9. Because national policy concerning adjudication of immigration petitions is formulated by DHS and implemented by USCIS, venue is proper in this district.

10. Also, because all immigrant petitions are ultimately adjudicated at Defendants' offices, which are predominately located in Washington, D.C., a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred or will occur in this judicial district.

11. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1).

## DESCRIPTION OF PARTIES

12. Plaintiff is a citizen and national of China and is the principal petitioner of the Form I-829 petition that the Defendants have continued to hold unadjudicated for more than 5.5 years.

13. Defendant USCIS, a component federal agency within DHS, is responsible for, *inter alia*, adjudicating petitions filed by foreign nationals, including Plaintiff's long-pending Form I-829 petition. USCIS plays an integral role in the immigrant adjudication process.

14. Defendant Alejandro Mayorkas, as Secretary of DHS, has ultimate authority to adjudicate Plaintiff's Form I-829 petition. This suit is brought against Secretary Mayorkas in his official capacity, as he is charged with overseeing the actions of the multicomponent federal agency DHS, which is ultimately responsible for implementing and enforcing the Immigration and Nationality Act ("INA"). He officially resides in the District of Columbia.

15. Defendant Tracy Renaud is the Senior Official Performing the Duties of the Director of USCIS, the component federal agency within DHS that adjudicates Form I-829 petitions. This suit is brought against Director Renaud in her official capacity, as USCIS is the component federal agency of DHS responsible for, *inter alia*, adjudicating petitions filed by foreign nationals. USCIS plays an integral role in the immigrant adjudication process. She officially resides in the District of Columbia.

16. Defendant Sarah M. Kendall is Chief of Immigrant Investor Program Office of USCIS. This suit is brought against Chief Kendall in her official capacity, as she is the senior official of the Immigrant Investor Program Office, which plays an integral role in the Form I-829 petition adjudication process. She officially resides in the District of Columbia.

## **BRIEF STATEMENT OF RELEVANT FACTS**

17. According to 8 U.S. Code § 1571, "It is the sense of Congress that the processing of an immigration benefit application [such as Plaintiff's I-829 petition] should be completed not later than 180 days after the initial filing of the application." Yet more than 5.5 years later, Defendant USCIS continues to hold Plaintiff's petition unadjudicated.

18. Before Plaintiff filed the Form I-829 petition that is the subject of this lawsuit, she had previously filed her Form I-526, Immigrant Petition by Alien Entrepreneur ("Form I-526") on August 8, 2011 based on her having already made a $500,000 investment in a new commercial enterprise in the United States to create at least 10 jobs for U.S. workers, which petition Defendant USCIS approved, and based on that approval, the government granted Plaintiff her conditional permanent resident card ("green card") with a validity date through August 29, 2015. The Form I-829 petition is to "remove conditions" on Plaintiff's current

*conditional* green card status. Removal of conditions provides substantial benefits, including: 1) allowing Plaintiff and eligible family members to reside permanently in the United States without having to personally appear at the local office of Defendant USCIS to request a one-year extension of conditional residence every year; and 2) allowing Plaintiff and eligible family members to file promptly for U.S. citizenship.

19. On June 4, 2015, Plaintiff properly filed her Form I-829 petition (the subject of this civil action) with required filing fees with Defendant USCIS (WAC-15-247-00142).

20. On July 22, 2015, Defendant USCIS issued an I-797, Notice of Action confirming receipt of Plaintiff's Form I-829 petition and providing evidence of Plaintiff's conditional U.S. resident status for an additional 12 months past the expiration date of her conditional green card.

21. On May 31, 2016, Defendant USCIS had not adjudicated Plaintiff's Form I-829 petition during the prior year, and the delay forced Plaintiff and her eligible family members to travel in person to the local office of Defendant USCIS to receive a stamp in their passports to extend evidence of their conditional U.S. resident status for an additional 12 months while waiting for Defendant USCIS to adjudicate Plaintiff's Form I-829.

22. On May 30, 2017, Defendant USCIS still had not adjudicated Plaintiff's Form I-829 petition during the prior two years, and the delay again forced Plaintiff and eligible family members to travel in person to the local office of Defendant USCIS to receive a stamp in their passports to extend evidence of conditional U.S. resident status for an additional 12 months while waiting for Defendant USCIS to adjudicate Plaintiff's Form I-829.

23. On May 24, 2018, Defendant USCIS had still not adjudicated Plaintiff's Form I-829 petition during the prior three years, and the delay forced Plaintiff and eligible family

members to travel in person to the local office of Defendant USCIS to receive a stamp in their passports to extend evidence of conditional U.S. resident status for an additional 12 months while waiting for Defendant USCIS to adjudicate Plaintiff's Form I-829.

24. On February 21, 2019, Defendant USCIS still had not adjudicated Plaintiff's Form I-829 petition during the prior three-and-a-half years, so Plaintiff contacted the Office of the Citizenship and Immigration Services Ombudsman to request an update on her Form I-829 adjudication.

25. On May 17, 2019, Defendant USCIS still had not yet adjudicated Plaintiff's Form I-829 petition during the prior four years, and the delay forced Plaintiff and eligible family members to travel in person again to the local office of Defendant USCIS to receive a stamp in their passports to extend evidence of conditional U.S. resident status for an additional 12 months while waiting for Defendant USCIS to adjudicate Plaintiff's Form I-829.

26. On September 5, 2019, because Defendant USCIS had not adjudicated her Form I-829 petition during the prior 4.3 years, Plaintiff contacted Defendant USCIS to request an update on her Form I-829 adjudication.

27. On September 9, 2019, Defendant USCIS informed Plaintiff that Defendant USCIS had by then already assigned Plaintiff's Form I-829 petition to a USCIS officer to adjudicate it.

28. On May 4, 2020, Defendant USCIS still had not adjudicated Plaintiff's Form I-829 petition during the prior nearly five years, so Plaintiff contacted Defendant USCIS to request another update on whether the officer to whom Defendant USCIS had assigned Plaintiff's Form I-829 petition had taken any action on it.

29. On June 19, 2020, the Office of the Citizenship and Immigration Services Ombudsman confirmed that that government office had reached out to Defendant USCIS about Defendant USCIS's delay in adjudicating Plaintiff's Form I-829 petition.

30. On July 29, 2020, Defendant USCIS still had not adjudicated Plaintiff's Form I-829 petition during the prior more than 5 years, and the delay forced Plaintiff and her family members to return once again to the local office of Defendant USCIS to receive a stamp in their passports to extend evidence of conditional U.S. resident status for an additional 12 months while Plaintiff continued to wait for Defendant USCIS to adjudicate her long-pending Form I-829.

31. On September 28, 2020, Plaintiff again reached out to the Office of the Citizenship and Immigration Services Ombudsman to request another update from Defendant USCIS regarding her Form I-829 adjudication.

32. As of today, Defendants still have not yet adjudicated Plaintiff's Form I-829 petition—**more than 5.5 years** after she properly filed it with Defendant USCIS, more than one year after Defendant USCIS confirmed that the agency had **already assigned the petition to a USCIS officer for adjudication**, and **more than 11 times** longer than the 180-day timeframe that Congress explicitly stated in the statute as being how promptly Congress expects the government to adjudicate such petitions.

## CAUSE OF ACTION

33. Defendants Alejandro Mayorkas, Secretary of DHS; Tracy Renaud, Senior Official Performing the Duties of the Director of USCIS; and Sarah M. Kendall, Chief of the

Immigrant Investor Program Office of USCIS, are each and all officers or employees of the United States and DHS.

34. Defendants Alejandro Mayorkas, Secretary of DHS; Tracy Renaud, Senior Official Performing the Duties of the Director of USCIS; and Sarah M. Kendall, Chief of the Immigrant Investor Program Office of USCIS each and all owe a duty to Plaintiff to adjudicate Plaintiff's I-829 petition within a reasonable time. As stated in 5 U.S.C. § 555(b) (emphasis added), "With due regard for the convenience and necessity of the parties or their representatives *and within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it."

35. With respect to Plaintiff's petition, Congress clearly expressed in the statute itself what Congress believed to be a "reasonable time": "It is the sense of Congress that the processing of an immigration benefit application [such as Plaintiff's Form I-829 petition] should be completed *not later than 180 days after the initial filing of the application*, except [that other, unrelated petitions] should be processed not later than 30 days after the filing of the petition." 8 U.S.C. § 1571(b) (emphasis added),

36. The more than 5.5 years that Defendants have held Plaintiff's Form I-829 without making a decision is already *more than eleven times greater than* the 180-day "sense of Congress" for such petitions and is also far beyond what the Defendants reasonably require to adjudicate it.

37. Defendants' holding Plaintiff's Form I-829 petition unadjudicated for more than 5.5 years is also *more than a year longer than* the "27 months to 51 months" that Defendant USCIS publicly displays as the *normal* "processing time" for "Petition by Entrepreneur to Remove Conditions on Permanent Resident Status," such as Plaintiff's I-829 petition.

(https://egov.uscis.gov/processing-times/; last visited February 19, 2021). Defendant USCIS's website states, "This time range is how long it is taking USCIS to process your case from the date we received it." *Id.*

38. Defendants' more than 5.5-year delay in adjudicating Plaintiff's Form I-829 petition has already significantly damaged Plaintiff's and her family members' financial, business, and educational opportunities. Defendants' objectively unreasonable delay has also substantially harmed Plaintiff by delaying for several years her and her family members' eligibility to apply for naturalization to become a U.S. citizen. *See* 8 C.F.R. § 316.2(a)(2).

39. Because Defendants' 5.5-year delay is objectively unreasonable, is without justification, and has forced Plaintiff to resort to the Court for relief, Plaintiff is therefore entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## CLAIMS FOR RELIEF

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 above.

41. Defendants owe to Plaintiff a duty to act on her form I-829 petition.

42. Defendants have failed to exercise this duty.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

43. Assume jurisdiction over the matter;

44. Issue a Writ of Mandamus compelling Defendants to act on Plaintiff's Form I-829 petition and declare that Defendants' adjudication of Plaintiff's Form I-829 petition has been unreasonably delayed;

45. Award Plaintiff reasonable costs and attorney's fees; and

46. Award such further relief as the Court deems just and proper.

Respectfully submitted on February 19, 2021.

/s/ *Cletus M. Weber*
Cletus M. Weber
ID: WA0012
Attorney for Plaintiff
Peng & Weber, PLLC
3035 Island Crest Way, Suite 200
Mercer Island, WA 98040
Ph: 206-382-1962
Fax: 206-382-0245
E-mail: weber@greencardlawyers.com